1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LIEN COOC,                                No.  2:24-cv-0906 TLN SCR

12                   Plaintiff,

13          v.                                  ORDER

14    BUREAU VERITAS NORTH AMERICA
      INC., et al.,
15
                     Defendants.
16

17

18          On February 10, 2025, the Court held a telephonic informal discovery conference (IDC)

19    with Plaintiff's counsel John Shepardson and Defendant's counsel Rebecca Benhuri.  The IDC

20    lasted for approximately an hour.  Based on the discussion at the IDC, the Court's review of the

21    parties' arguments and exhibits (ECF Nos 21, 21-1, 21-2 & 22), and the Court's review of other

22    applicable doctrine, the Court resolves the issues presented as follows:

23          **A.  Deposition of CEO Shawn Till**

24          "In determining whether to allow an apex deposition, courts consider (1) whether the

25    deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2)

26    whether the party seeking the deposition has exhausted other less intrusive discovery methods.

27    However, a party seeking to prevent a deposition carries a heavy burden to show why discovery

28    should be denied. Thus, it is very unusual for a court to prohibit the taking of a deposition

                                                 1

1    altogether absent extraordinary circumstances. When a witness has personal knowledge of facts

2    relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Apple Inc. v.*

3    *Samsung Electronics Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).

4             From other deposition transcripts in this case, it appears Mr. Till has first-hand knowledge

5    of facts at issue in the case and that his time-limited deposition may be warranted. However,

6    before seeking to depose Mr. Till, Plaintiff shall make further reasonable efforts to subpoena the

7    deposition of Defendants' former CFO Linda Davachi, and inform Defense counsel of such

8    efforts. Should Plaintiff be unable to depose Ms. Davachi despite such reasonable efforts,

9    Plaintiff may then depose Mr. Till for no more than three hours. If, on the other hand, Plaintiff is

10   able to depose Ms. Davachi and *after* such deposition believes that Mr. Till has unique and non-

11   repetitive knowledge, the parties shall meet and confer to determine whether Defendants will

12   agree to Mr. Till's deposition. Should such meet and confer process fail to resolve any remaining

13   dispute about Mr. Till's deposition, the parties should seek resolution through a further IDC

14   before the undersigned.

15       **B.  Rule 30(b)(6) Topics**

16           Through an informal meet-and-confer process, Plaintiff identified fifteen topics for a Rule

17   30(b)(6) deposition. Defendants now seek the Court's permission to retroactively designate

18   portions of the deposition testimony of two of their corporate officers as Rule 30(b)(6) testimony

19   for nine of those topics. ECF No. 21-2 at 3.

20           Under certain circumstances, retroactive designation of Rule 30(b)(6) deposition

21   testimony is a suitable alternative to the designation of a fresh Rule 30(b)(6) witness.  *See, e.g.*,

22   *Woods v. Standard Fire Ins. Co.*, 589 F. Supp. 3d 675, 679 (E.D. Ky. 2022); *EEOC v. Boeing*

23   *Co.*, No. 05-cv-03034–PHX–FJM, 2007 WL 1146446, at *2 (D. Ariz. Apr. 18, 2007); *Requa v.*

24   *C.B. Fleet Holding Co., Inc.*, No. 06–cv–01981–PSF–MEH, 2007 WL 2221146, at *2 (D. Colo.

25   July 31, 2007). Here, Defendants' proposed designations involve corporate officers who were

26   directly involved in the relevant events and who testified at length about those events.

27   Defendants have also offered to designate extensive portions of those witnesses' deposition

28   transcripts to cover the nine Rule 30(b)(6) topics currently at issue. It would be unreasonably

1    duplicative, burdensome, and expensive to require those same witnesses to sit again for

2    deposition under the formal auspices of Rule 30(b)(6) or to require Defendants to designate other

3    witnesses for that purposes—witnesses who likely would be less knowledgeable in any event

4    about the nine topics. *See* Fed. R. Civ. P. 26(b)(2)(C).

5           Plaintiff contends that the retroactively designated officers were not sufficiently prepared

6    for their depositions or knowledgeable about certain of the topics. The thoroughness of their

7    answers belies that contention. Moreover, the mere fact that they could not answer every question

8    arguably relevant to a particular deposition topic does not mean that they are not generally

9    knowledgeable as to that topic.

10          However, Plaintiff should have the opportunity to carefully review the designations

11   proposed by Defendants at ECF No. 21-2. Should Plaintiff believe that other testimony from the

12   two officers' depositions should also be designated as to any of the nine Rule 30(b)(6) topics,

13   Plaintiff shall meet and confer with Defendants. If that meet-and-confer process does not resolve

14   any remaining dispute about the scope of the designations, the parties should seek resolution

15   through a further IDC before the undersigned.

16          **C.  Plaintiff's Objection to Resolution Through the IDC**

17          At the IDC, the undersigned gave Plaintiff permission to submit, by noon on February 11,

18   2025, additional deposition transcripts that support Plaintiff's request to depose CEO Till.

19   Plaintiff did file a document on February 11 that identifies such transcript information. ECF No.

20   22. However, that same filing also objects to the undersigned issuing orders pertaining the

21   discovery disputes presented at the IDC. In particular, Plaintiff's counsel states that he "DID

22   NOT UNDERSTAND THIS PROCESS TO MEAN THAT THE COURT WOULD BE

23   ISSUING FORMAL ORDERS WITHOUT AGREEMENT BY THE PARTIES TO THE

24   ORDERS," states that he is rarely in federal court and that in state court such conferences are

25   only "ADVISORY," and asks that the Court "NOT UNILATERALLY ISSUE ANY FORMAL

26   ORDERS BASED ON SUCH WEIGHTY MATTERS[.]" *Id*. at 1-2. The filing later goes on to

27   argue that, "THE COURT MUST NOT UNILATERALLY ISSUE AN ORDER ON THE R30B6

28   ////

1   WITNESSES," and provides several purported reasons for the Court not to issue an order. *Id*. at

2   4.

3           Plaintiff's objections are not well taken. The undersigned's Civil Standing Orders make it

4   crystal clear that orders may issue in the course of an IDC: "After the telephonic conference, the

5   Court may issue an order ruling on the issues presented." Civil Standing Orders at 4.[1] Moreover,

6   the undersigned had already drafted the majority of this order by the time Plaintiff filed her

7   objections.  Despite the undersigned noting during the IDC that an order would be forthcoming,

8   Plaintiff's counsel made no objection at the IDC to the premise of the Court issuing orders in

9   connection with the IDC process. The IDC process is designed to spare litigants and the Court the

10  expense of protracted litigation over relatively simple discovery disputes. The Court will not,

11  now, discard its carefully considered order based on Plaintiff's objections, which lack merit in

12  any event.

13          SO ORDERED.

14  DATED: February 12, 2025

15

16                                          _____
                                            SEAN C. RIORDAN
17                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28  _____
    [1]  Available at SCR Standing Order August 2024.pdf.

4