UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIEN COOC, | No. 2:24-cv-0906 TLN SCR |
| Plaintiff, | |
| v. | ORDER |
| BUREAU VERITAS NORTH AMERICA INC., et al., | |
| Defendants. | |

On August 19, 2025, the Court held a telephonic informal discovery conference ("IDC") with Plaintiff's counsel John Shepardson and Defendants' counsel Rebecca Benhuri and Helene Wasserman.  The IDC concerned (1) Plaintiff's disclosure of herself as a non-retained expert witness and (2) Plaintiff's possession and use of Defendants' assertedly private business information.  ECF No. 34.  The IDC lasted approximately an hour.  Considering the parties' arguments and exhibits and the Court's review of applicable doctrine, the Court now (1) orders Plaintiff's expert disclosure stricken and (2) elaborates on the process for resolving the parties' dispute concerning Plaintiff's possession and use of Defendants' business information.

**A. Plaintiff's Designation of Herself as a Non-Retained Expert**

At a previous IDC concerning Plaintiff's disclosure of non-retained experts under Rule 26(a)(2)(C), the Court indicated its tentative conclusion that those disclosures were defective.  ECF No. 30.  Plaintiff then made a revised expert disclosure designating herself as an expert on,

1

"Plaintiff's Financial Losses & Defendants' Net Worth for Punitive Damages" (ECF No. 34 at 13). Plaintiff's revised disclosure lists the facts on which Plaintiff, as a purported expert, would rely, as well as the opinions she would draw from those facts. *Id*. at 13-17.

Defendants object that Plaintiff is not qualified as an expert on the identified topics and cannot establish that (1) her technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, (2) the proposed testimony is based on sufficient facts or data, or (3) the proposed testimony is the product of reliable principles and methods. *Id*. at 3 (citing Fed. R. Evid. 702). As to the identified topics, Defendants believe, "[a]t best, Plaintiff would be testifying … as a percipient witness and not an expert." *Id*. Plaintiff's position is that, "Lien was able to create her expert opinions based on her own financial expertise"—she is a CPA—"and extensive knowledge of Defendant's business operations acquired during her eight years of employment with Defendants." *Id*. at 2.

**1. "Plaintiff's Financial Losses"**

At the IDC, the Court indicated its skepticism about whether Plaintiff is in fact qualified under Rule 702 as an expert concerning her own financial losses and whether she applied reliable principles and methods in rendering the disclosed opinions. However, the Court noted that Rule 702 issues are more commonly decided by the trial judge on a motion in limine, rather than on a motion to strike an expert disclosure during the discovery period. The Court indicated that it would further consider this issue after the IDC.

Having again reviewed Plaintiff's revised expert disclosure, the Court now believes that Plaintiff is not properly designated as a non-retained expert as to her financial losses. While Plaintiff's disclosure satisfies the technical requirements of Rule 26(a)(2)(C)(ii)—in that it summarizes both the "facts and opinions" to which she wishes to testify—it contains two serious substantive problems.

First, the vast majority of Plaintiff's "opinions" are not actually expert opinions at all, but merely facts or lay witness opinions under Rule 701. For example, Opinions 1-3, 6 are facts about what Plaintiff was offered, what she was paid, what she was owed, what she relied on, and what Defendants allegedly refused to do. Opinions 4-5 are lay witness opinions about what

additional benefits Plaintiff would have obtained through a base salary increase. Opinion 7 appears to be nothing more than Plaintiff's attempt to recast a fact from Mr. Fournier's testimony (Fact 13) in the form of an opinion. Opinion 8 is a lay witness opinion about how much work Plaintiff was doing relative to other Assistant Financial Controllers. Similarly, Opinion 9 is simply a lay witness opinion about Plaintiff's own professional capabilities. None of these subjects are conceivably within the realm of Rule 702 expert testimony.

Second, Plaintiff's opinion on the precise amount of her financial losses—rendered in Opinion 10—is beyond the scope of her purported role as a non-retained expert. In contrast to Opinions 1-9 discussed above, a terminated employee's financial losses are properly the subject of expert testimony under Rule 702. But the problem for Plaintiff is that *her opinion* on this topic falls outside the scope of opinions that may be properly rendered by a non-retained expert designated under Rule 26(a)(2)(C). "The dispositive question" in evaluating whether an expert properly falls within Rule 26(a)(2)(C), "is whether the witness's opinion was developed either for purposes of litigation or as part of the witness's duties as the party's employee." *Burreson v. BASF Corp.*, 2014 WL 4195588, at *4 (E.D. Cal. Aug. 22, 2014); *see also Jesus Church of Victoria Tex., Inc. v. Church Mut. Ins. Co.*, 627 F.Supp.3d 715, 723 (S.D. Tex. 2022) ("[Non-retained expert] witnesses 'must testify from the personal knowledge they gained on the job,' which 'may limit their testimony.'") (quoting *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 371 (7th Cir. 2017)). Paradigmatic non-retained expert testimony is that of a medical provider or engineer who might respectively testify about the cause of an illness or a building defect, formed in the course of treating a patient or inspecting a building.

Plaintiff's opinion about her losses were apparently developed for purposes of this litigation. Opinion 10 and Exhibit 1, a chart on which that opinion is based, purport to specify Plaintiff's financial losses through the application of certain mathematical formulae to baseline salary and benefit figures. Plaintiff does not claim that her job duties had anything to do with setting or evaluating Defendants' pay structures. Accordingly, her opinion on the matter was not developed "as part of [her] duties as the party's employee." *Burreson v. BASF Corp.*, 2014 WL 4195588, at *4. By contrast, if this action concerned Defendants' accounting practices during

3

Plaintiff's employment, she might well be an appropriate non-retained expert under Rule 26(a)(2)(C). Plaintiff cannot render a non-retained expert's opinion about lost earnings, as that opinion was developed merely to substantiate her losses in this action.[1]

### 2. "Defendants' Net Worth for Punitive Damages"

Plaintiff may properly be a non-retained expert concerning Defendants' net worth, given her financial role during her employment by Defendants. However, Plaintiff has not made a meaningful disclosure of facts that would support that opinion. Plaintiff will be given the opportunity to submit a further revised Rule 26(a)(2)(C) disclosure on this topic. However, if Defendants' net worth is in fact more than $2 billion, it may be prudent for the parties to consider a stipulation as to Defendants' net worth for punitive damages purposes. Such a stipulation might obviate the need for expert or other testimony about net worth.

Should Plaintiff serve a revised Rule 26(a)(2)(C) disclosure on Defendants' net worth, her communications with her counsel in her expert role will be discoverable. As discussed during the IDC, Plaintiff's counsel's position to the contrary is clearly wrong under the plain text of Rule 26(b)(4)(C) and the 2010 Advisory Committee Notes.

### 3. Conclusion

The Court has considered whether to allow further briefing on these issues before rendering an order. However, given that the proper application of Rule 26(a)(2)(C) has now been the subject of two lengthy IDCs and the Court's conviction about the serious defects with Plaintiff's disclosure of herself as an expert, the Court concludes further briefing would not be helpful. Accordingly, it is **ORDERED** that Plaintiff's revised expert disclosure dated June 22, 2025 be stricken. Plaintiff may serve a further revised expert disclosure on Defendants' net worth, though the parties are encouraged to consider a stipulation that would obviate the need for expert testimony on Defendants' net worth.

---

[1] As indicated at the IDC and above, the Court is also skeptical about whether Plaintiff is qualified as an expert as to employment-related financial losses and whether she applied reliable methods. For example, Plaintiff's Exhibit 1 chart includes columns for "Equal Pay" and "Equal Pay Bonus @ 20%." It is not clear that Plaintiff—as a CPA—is an expert on equal pay practices. But given that Plaintiff's disclosure as a non-retained expert under Rule 26(a)(2)(C) is deficient, the Court need not squarely address Rule 702 concerns about expertise and methods.

The Court's conclusion that Plaintiff cannot be designated a non-retained expert on her own financial losses will not preclude Plaintiff from presenting evidence about those losses. "[E]xpert testimony is not required to prove what [a] plaintiff would receive in future earnings and raises." *Cassino v. Reichhold Chemicals, Inc.*, 817 F.3d 1338, 1348 (9th Cir. 1987). Subject to admissibility criteria, Plaintiff may seek to testify as a lay witness to the pay of comparably situated employees or to elicit testimony from other witnesses about the same. She may similarly seek to testify or elicit testimony about "equal pay bonus," to the extent that is a category of compensation used by Defendants. She may also seek to present loss figures to the jury in the form of a summary chart.

### B. Plaintiff's Retention and Use of Defendant's Information

Plaintiff retained emails and other documents from her employment with Defendant, some of which she has disclosed to Defendants in discovery and some of which she attached as exhibits to her revised expert disclosure. Plaintiff believes she is entitled to retain and rely on such information pursuant to California Civil Code § 12964.5. Defendants believe that Plaintiff's retention and reliance on those documents violates various provisions of state and federal law and case law prohibiting plaintiffs from engaging in "self-help." ECF No. 34. at 2-3.

The Court cannot adjudicate this dispute on the IDC record. During the IDC, the Court asked the parties to further meet and confer on a potential solution to this dispute that would preserve Plaintiff's ability to present relevant evidence at summary judgment and trial while protecting Defendants' interest in the confidentiality of its proprietary and otherwise confidential business information. If the parties are unable to resolve this dispute through a further meet and confer, Defendants may file a motion seeking appropriate relief from the Court. Any such motion should be noticed and briefed in accordance with Local Rule 251.

SO ORDERED.

DATED: August 20, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5