UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIEN COOC,<br><br>            Plaintiff,<br><br>    v.<br><br>BUREAU VERITAS NORTH AMERICA INC., et al.,<br><br>            Defendants. | No. 2:24-cv-00906-TLN-SCR<br><br>ORDER |

Before the Court are Defendants' Amended Motion for Protective Order (ECF No. 46) (the "Motion"), which concerns Plaintiff's retention and use of documents obtained during her employment, and request to seal some of those documents (ECF No. 47). These discovery-related motions are before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636. ECF No. 45. On November 13, 2025, the Court held a hearing on Defendants' Motion, and allowed Plaintiff to file a supplemental declaration, which has been submitted. ECF No. 63. The Court now GRANTS the motion to seal and GRANTS IN PART and DENIES IN PART the Motion.

**I.    Procedural History and Background**

Plaintiff filed this employment discrimination action on February 8, 2024. ECF No. 1 at ¶ 5. Defendants removed the action to this Court on the basis of diversity of citizenship jurisdiction on March 22, 2024. ECF No. 1. Plaintiff's complaint alleges she is an Asian woman and was

1

subject to race and sex discrimination in the workplace. ECF No. 1 at 20.[1]  Plaintiff alleges Defendant Bureau Veritas North America Inc. ("Bureau Veritas") hired her in 2015 as a senior financial analyst. ECF No. 1 at 25.  Plaintiff worked at an office in Sacramento, California, and in 2019 was promoted to Assistant Financial Controller. *Id.*  Plaintiff alleges that she was inadequately paid and eventually wrongfully terminated in 2023. *Id.* at 26.  Plaintiff's complaint contains 18 causes of action, alleging violations of both state and federal law. *Id.* at 27-38. Defendants filed an Answer in state court, which was a general denial. ECF No. 1-4.

On March 22, 2024, the Court issued a scheduling order allowing one year for the completion of fact discovery, and setting deadlines for expert discovery. ECF No. 5.  The scheduling order further provided that dispositive motions would be filed within 180 days after the close of discovery. ECF No. 5 at 4.  The deadline for dispositive motions has since been extended to 60 days after the Court rules on the instant Motion. ECF No. 43.  The parties have engaged in prior discovery disputes and sought the Court's assistance in resolving them through informal discovery conferences on three prior occasions. *See* ECF Nos. 23, 30, 35.

Defendants filed the instant Motion on September 15, 2025.[2]  Opposition and reply briefs followed. ECF Nos. 49 and 52.  That briefing sequence did not comply with Local Rule 251, which specifically applies to motions for protective order and requires the filing of a joint statement concerning the parties' discovery disagreement. Local Rule 251(a), (c).  The initial briefing and exhibits totaled nearly 450 pages.  Then, on October 30, 2025, the parties filed a joint statement with nearly 1,000 pages of exhibits.  This was in addition to the over 1,000 pages of documents that were submitted with Defendants' request to seal. ECF No. 47.

The Court heard argument on the Motion on November 13, 2025, at which time the Court granted Plaintiff's request for leave to file a supplemental declaration to address discrete questions about how Plaintiff obtained certain contested documents and information.  The supplemental declaration that Plaintiff filed included an additional 430 pages of exhibits.  ECF

---

[1] The Complaint is attached to the Notice of Removal, beginning at ECF No. 1 page 19. Page references herein are to the number generated by the Court's CM/ECF system and on the upper righthand corner of the page.

[2] Due to an error in the notice, the amended motion was refiled on September 16, 2025.

No. 63. Plaintiff's counsel then filed, without permission of the Court, a further declaration.[3] ECF No. 64.

## II.     Request to Seal (ECF No. 47)

The documents at issue were submitted by Defendants with a request to seal. There are over 1,200 pages of documents, which include charts, powerpoint presentations, and an excel spreadsheet. Many of these documents do not appear the least bit relevant to Plaintiff's claims of race and gender discrimination. In fact, Plaintiff only specifically offers argument concerning a very small portion of these documents. *See* ECF No. 58 at 18-20. For example, 800 pages are the "MAG Finance Handbook," which Defendants describe as "an 800-page internal handbook representing Bureau Veritas' proprietary finance playbook and intellectual property" that outlines internal policies and procedures. ECF No. 46-2, Dec. of K. Summers at ¶ 14. Plaintiff makes no argument that the MAG Handbook is relevant to her claims.

Defendants also seeks to seal approximately 400 pages of general work emails which Defendants contend contain confidential financial information regarding revenue, operating expenses, profits, etc. ECF No. 46-2, Dec. of K. Summers at ¶ 11. As to these documents, Plaintiff only makes specific argument as to the relevance of eight pages: 6148-49; 6525; 6206; 6599-6600; 6255; and 6623. ECF No. 58 at 19-20.

Requests to seal documents in this district are governed by Local Rule 141. Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. LR 141(a). However, a mere request to seal is not enough. Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing[.]" Local Rule 141(b).

The Court starts "with a strong presumption in favor of access to court records." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). There is a strong

---

[3] The Court could strike this declaration, but it is a mere two sentences and adds nothing to the substantive analysis of the Motion. The Court will not sua sponte strike it. Nor will the Court rely on it.

presumption in favor of access "based on the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)). A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. *Id*. (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

The proponent of sealing bears the burden of overcoming the presumption in favor of access to court record. *Kamakana*, 447 F.3d at 1178. Compelling reasons for sealing may exist where "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation and quotation omitted). A lesser standard applies when the court is considering sealing documents in the context of a non-dispositive motion: "The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id*. "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id*. at 1180.

Here, the documents which Defendants seek to have sealed were produced by Plaintiff during discovery. They are not submitted in support of a dispositive motion. The Court finds Defendants have made a sufficient showing of good cause to seal the documents. Defendants' request to seal is supported by the declaration of their Vice President of Corporate Finance and Director of Human Resources. See ECF Nos. 46-2 & 46-3. Both declarants aver that the documents contain confidential and proprietary information, which is not generally accessible. The Court will grant the request to seal.

**III.    Amended Motion for Protective Order (ECF No. 46)**

The course of discovery is guided by the Federal Rules of Civil Procedure and the Court's orders. Rule 1 provides that the rules of civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 26(b)(1) sets the scope of discovery and provides in relevant part that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to

4

any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Under Rule 26(c) a party may seek a protective order for various reasons, and as relevant here, the Court may, for good cause, issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Rule 26(c)(3) provides that an award of expenses related to a motion for protective order is governed by Rule 37(a)(5). That Rule provides that if a motion for protective order is granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Defendants' Motion invokes Rule 26(c) and seeks to protect information they contend is confidential and/or proprietary. ECF No. 46 at 2. As Plaintiff is already in possession of the contested documents, Defendants seek an order compelling their destruction. *Id.* at 2-4. Alternatively, Defendants ask that the documents be designated as confidential and required to be filed under seal. *Id.* at 4. Plaintiff disputes that the information is confidential, but is agreeable to the documents being considered confidential and if it becomes necessary to file such documents, filing them under seal. ECF No. 58 at 21 (stating Plaintiff is "willing to have the information kept confidential and only used in this case").

The dispute encompassed by this Motion violates the spirit of Rule 1, as it impedes the just, speedy, and inexpensive determination of the underlying litigation. Despite the clear potential to resolve this dispute by jointly agreeing to consider the documents confidential and to seek to file them under seal, the parties have continued to litigate this discovery dispute, likely at great expense and have consumed extensive judicial resources in the process. Defendants push for the greater sanction of having the documents destroyed, and Plaintiff disputes that the documents were improperly obtained and presents seemingly countless pages of arguments and exhibits trying to establish procedural error by Defendants.

The parties argue at length concerning the effect of California Government Code §

12964.5 on this dispute. The California Legislature enacted the relevant portions of §12964.5 in order to "address the *preemptive* use of non-disparagement agreements" and "the *preemptive* use of waivers" of claims concerning unlawful employment practices. Cal. Bill Analysis, Sen. Committee, Senate Bill 1300 (April 17, 2018) (emphasis in original). Plaintiff argues the documents she retained from her employment pertain to "unlawful employment practices" and therefore she must be allowed to keep them and use them in prosecuting this lawsuit. *See, e.g.,* Cal. Gov't Code § 12964.5(a)(1)(B)(i) (prohibiting "a condition of employment or continued employment" that requires an employee to "sign" a "document to the extent it has the purpose or effect of denying the employee the right to disclose information about unlawful acts in the workplace"); (b)(1)(A) (prohibiting the inclusion in any separation agreement "any provision that prohibits the disclosure of information about unlawful acts in the workplace"). Defendants contend that there "is no merit" to Plaintiff's argument that § 12964.5 allows her to keep and disclose these documents. ECF No. 58 at 10. Defendants rely on the title of section to argue that it applies to release, non-disparagement, and separation agreements and does not have broader application. *Id.* at 10 & 11. Plaintiff contends that Defendants' employment agreements containing confidentiality provisions are unenforceable under § 12964.5. *Id.* at 12. Plaintiff contends she was forced to agree in writing to comply with the Employee Handbook and Code of Ethics and to keep documents confidential, even if those documents had the purpose or effect of denying her right to disclose information about unlawful acts in the workplace. *Id*. Plaintiff argues that the agreements are void because they do not contain the language in § 12964.5(b)(1)(B): "Nothing in this agreement prevents you from discussing or disclosing information about unlawful acts in the workplace, such as harassment or discrimination or any other conduct that you have reason to believe is unlawful."

The Court need not spend extensive time on this ancillary issue concerning the scope of § 12964.5, because it pertains to whether the documents should be considered "confidential," and as discussed further below, Plaintiff has agreed to treat them as confidential. The Court will note, however, that it finds the positions of both sides to be overbroad. Section 12964.5(f) provides: "This section does not prohibit an employer from protecting the employer's trade secrets,

proprietary information, or confidential information that does not involve unlawful acts in the workplace." Clearly, many of the documents at issue in this dispute would fall within the coverage of subjection (f). The Court also finds Plaintiff's position at oral argument about what constitutes "information about unlawful acts in the workplace" to be overbroad. However, Defendant takes perhaps too narrow a view by focusing on the section heading. *See United States v. LKAV*, 712 F.3d 436, 442 (9th Cir. 2013) ("A 'heading cannot substitute for the operative text of the statute.'"), quoting *Florida Dep't of Revenue v. Piccadilly Cafeterias*, 554 U.S. 33, 47 (2008). The Court need not decide the scope of § 12964.5 because the parties are in agreement the documents at issue may be considered confidential.

The real crux of the dispute is whether Plaintiff improperly obtained and/or retained the documents at issue. Defendants, supported by the affidavits of Summers and Stalnaker, contend that Plaintiff improperly accessed the information. *See* ECF Nos. 46-2 and 46-3. Plaintiff has submitted a declaration in which she disputes that contention. ECF No. 63. Plaintiff describes that in her role as an Assistant Finance Controller, her job duties involved accounting and cash management, financial planning, reporting, budgeting, and supervising and training employees. *Id.* at ¶ 21. Plaintiff contends that she had legitimate, continual, business purpose access to information that was claimed to be confidential and proprietary. *Id.* at ¶ 22. Plaintiff contends she obtained information about the salary of other employees through her job. *Id.* at ¶ 23. Plaintiff contends that the representations made by Mr. Summers and Ms. Stalnaker concerning improper access are "patently false." *Id.* at ¶ 27.

As to the three charts with salary information, Plaintiff states she created those with information she learned during her employment. ECF No. 63 at ¶ 39. Plaintiff states that she obtained information on co-workers' race and sex through in-person, phone, and video conferencing interactions. *Id.* at ¶¶ 41-42. There is thus a dispute of fact as to whether Plaintiff had access to these documents during the normal course of her employment, or whether she improperly accessed them in anticipation of litigation.

The cases on which Defendant relies, such as *Pillsbury, Madison & Sutro v. Schectman*, 55 Cal.App.4th 1279 (1997) (*"Pillsbury"*), concern so-called "self-help" discovery. In *Pillsbury*,

the court stated: "[W]e will state clearly our agreement with those courts which have refused to permit 'self-help' discovery which is otherwise violative of ownership or privacy interests and unjustified by any exception to the jurisdiction of the courts to administer the orderly resolution of disputes." *Id*. at 1289. In *Bedwell v. Fish & Richardson, P.C.*, 2007 WL 4258323 (S.D. Cal. Dec. 3, 2007), the court discussed some of the cases prohibiting self-help discovery, and found that in the case before it, defendants had not established that impermissible self-help had occurred: "Here, Defendant has not established that Plaintiff engaged in such 'self-help' discovery. The mere fact that Plaintiff is in the possession of these e-mails does not automatically render them the product of 'self-help' discovery." *Id*. at 3. Here, there is similarly a fact dispute concerning whether Plaintiff engaged in self-help discovery, or merely had access to the information in the normal course of her employment. The Court does not find that Defendants have established that Plaintiff's conduct was sanctionable.[4]

However, the Court concludes that much of this dispute was unnecessary. Out of over 1,200 pages of documents that are subject to the sealing motion, Plaintiff has only defended the need for eight pages of e-mails and three charts. Thus, there was no need for the parties to present to the Court a voluminous record of over 3,000 pages. It appears that many of the documents concerning internal policies, and which Defendants contend are confidential and proprietary, bear no relevance to the substantive issues in this lawsuit. Even the eight pages of emails that Plaintiff argues about are suggested to be relevant only because they show Plaintiff performing Assistant Controller duties that are the same as other employees. ECF No. 58 at 19. Plaintiff contends this is evidence she performed the same job duties, but was paid less. *Id*.

The Court will now address the five paragraphs of specific requests for relief contained in Defendants' Motion. ECF No. 46 at 2-4. First, Defendants request that Plaintiff be directed to destroy documents numbered 7644, 8319, and 8320 and the documents used to create them. ECF No. 46 at ¶ 1(a). These documents are the charts showing salary and bonus information, and as to

---

[4] Defendants apparently never took meaningful steps to ensure that Plaintiff returned her work computer after terminating her, even after Plaintiff noted her ongoing possession of that computer and internal documents and information in her initial disclosures. ECF No. 58 at 14; ECF No. 58-1 at 6.

1   8320 some demographic data, of employees in Bureau Veritas' finance department.  Plaintiff
2   contends that she created these documents based on information acquired over her years of
3   working for Defendants and that she does not have access to the underlying payroll documents
4   (which Defendants speculated she did).  ECF No. 63 at ¶¶ 25, 39, 41-43.  The Court will deny the
5   request to return/destroy the charts which Plaintiff created.

6       Defendants also seek the destruction of over 400 pages of documents, many of which are
7   emails, which contain confidential and/or proprietary financial information.  ECF No. 46 at ¶¶
8   1(b) & 1(c).  The Court will deny the request to destroy the documents, but has granted the
9   request to seal and the parties will treat such documents as confidential and subject to protective
10  order.

11      Defendants seek to have Plaintiff and her counsel sign and file affidavits certifying they
12  have destroyed documents.  ECF No. 46 at ¶ 2.  As the Court is denying the request to destroy the
13  documents, this request is also denied.

14      Defendants further request that Plaintiff be prohibited from "using, relying upon, or
15  referencing the documents described" in paragraph 1.  ECF No. 46 at ¶ 3.  The Court will deny
16  this request.  However, as discussed, many of the documents at issue appear to bear little if any
17  relevance to the claims in this case.  The documents are also now subject to a protective order and
18  the Court has ordered that they be sealed.  The Court expects that the parties will be judicious and
19  not unnecessarily file these documents, particularly as Plaintiff only argued herein that a few of
20  them were necessary to her case.

21      In paragraph 4 of the Motion, Defendants seek alternative relief in the form of an order
22  that the documents identified in paragraph 1 be designated as "Confidential" and a requirement
23  that they be filed under seal and that any references to confidential, proprietary, or personal data
24  be redacted in future filings.  ECF No. 46 at ¶ 4.  Plaintiff does not oppose this request, although
25  Plaintiff argues that some of the documents are not truly confidential.  By way of compromise,
26  Plaintiff's counsel has stated in filings and at oral argument that Plaintiff agrees to keep the
27  documents confidential and use them only for this case.  The Court will grant Defendants'
28  alternative request in paragraph 4.  The documents identified by Defendants in paragraph 1 of

their Motion shall be deemed "Confidential" and used only for purposes of litigation in this action. Moreover, Plaintiff must seek to file such documents under seal and must redact any references to confidential, proprietary, or personal data from those documents in public filings. In order to give meaning to this portion of the order, Plaintiff's counsel shall meet and confer with Defendants' counsel reasonably in advance of any filings implicated by this order and shall endeavor to reach stipulations on any sealed filings.

Finally, Defendants seek an award of attorney fees. As the Motion is granted in part and denied in part, the Court may apportion fees under Rule 37(a)(5)(C). The Court finds that neither side is entitled to attorney fees, and rather it appears to the Court that both sides have taken an overly litigious approach to this discovery dispute and incurred unnecessary fees.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Defendants' motion to seal (ECF No. 47) is GRANTED;

2) Defendants' motion for protective order (ECF No. 46) is GRANTED IN PART and DENIED IN PART as set forth herein; and

3) Pursuant to Federal Rule of Civil Procedure 37(b)(5), neither side is awarded attorney fees.

SO ORDERED.

DATED: December 8, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE